IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NGUYEN VU                         :        CIVIL ACTION
                                  :
            v.                    :
                                  :
JOHN E. WETZEL, et al.            :        No. 11-3226


**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                          March 30, 2012

Before the court is a pro se motion to stay a petition for writ of habeas corpus filed

by Nguyen Vu (Doc. No. 6), the response thereto (Doc. No. 10) and Vu's reply (Doc. No.

18).  Vu is currently incarcerated in the Greene State Correctional Institution in

Waynesburg, Pennsylvania.  For the reasons that follow, the motion to stay and abey is

denied and Vu's petition for writ of habeas corpus is dismissed without prejudice.

**I. FACTS AND PROCEDURAL HISTORY**

In 2007, Vu was convicted of aggravated assault, criminal mischief, and

possession of an instrument of crime.  Vu was sentenced to 10 to 20 years of

imprisonment on April 24, 2008, pursuant to Pennsylvania's second strike sentencing

statute for violent offenders.[1]  Thereafter, Petitioner perfected a direct appeal and

collateral appeal.  He filed a timely PCRA petition on April 15, 2011, which is currently

pending in the state court.  On May 10, 2011, Petitioner filed a petition for writ of habeas

---

[1]Vu was previously convicted of two counts of voluntary manslaughter in Texas for
killing his father and stepmother.  See N.T. 4/24/08 at 30-34.

corpus.  On September 1, 2011, Petitioner filed a motion to stay his petition for writ of

habeas corpus.  Respondents' have filed an answer asserting that Vu's motion to stay

should be denied and his petition for writ of habeas corpus should be dismissed without

prejudice.

## II. DISCUSSION

Petitioner seeks a stay of his federal habeas petition pending disposition of his

PCRA petition.[2]  Petitioner's habeas petition is a "mixed petition" where a habeas

petitioner proceeds in federal court with a single petition containing some claims that

have been exhausted in the state courts and some that have not.  See Rose v. Lundy, 455

U.S. 509, 522 (1982) (a mixed habeas petition consists of both exhausted and

unexhausted claims).  Unless a petitioner abandons his unexhausted claims, the court

must dismiss the petition.  See Coleman v.Thompson, 501 U.S. 722, 731-732 (1991).  The

exhaustion requirement established in Rose ensures state courts have the first opportunity

to decide the petitioner's claims.  See Rose, 455 U.S. at 518-9.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved a stay-and-

---

[2]A federal court, absent unusual circumstances, should not entertain a petition for writ of
habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. §
2254.  See 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have
exhausted available state remedies if he had the right under the law of the state to raise, by any
available procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we
ask not only whether a prisoner has exhausted his state remedies, but also whether he has
properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state
courts"); see also Picard v. Connor, 404 U.S. 270 (1971).  The habeas corpus petitioner has the
burden of proving exhaustion of all available state remedies.  Lambert v. Blackwell, 134 F.3d
506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

abeyance procedure, under which a district court may stay a timely habeas petition and

hold it in abeyance while the petitioner returns to state court to exhaust his previously

unexhausted claims.  Id. at 275.  The Rhines Court established the stay-and-abey

procedure in order to confront the problem of a 'mixed' petition for habeas corpus relief.

A stay-and-abeyance is available in limited circumstances when the following three-part

test is met: (1) there is "good cause" for the petitioner's failure to exhaust his claims first

in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the

petitioner has not engaged in abusive litigation tactics or intentional delay.  Id. at 277-78.

Vu has not established good cause for failure to exhaust his claims in state court.

He has ample time to pursue habeas relief after the state court rules on his PCRA petition.

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective

April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period

to applications for writ of habeas corpus filed by persons in state custody.  28 U.S.C.A. §

2244(d)(1).  Section 2244, as amended, provides that the one (1) year limitation period

shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
> (B) the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim
or claims presented could have been discovered through
the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

 In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  Swartz v. Meyers, 204 F.3d 417, 419 (3d

Cir. 2000).  Vu's conviction became final on August 4, 2010, when the time for filing a

petition for a writ of certiorari in the United States Supreme Court expired.  See S.Ct.R.

13(1) (stating petitioners have ninety (90) days to file petition for a writ of certiorari).

Consequently, Vu would normally have had until August 4, 2011, to timely file his §

2254 petition.

 However, on April 15, 2011 – 254 days into the federal statute of limitations – Vu

filed a counseled PCRA petition.  Because this petition was filed in accordance with

Pennsylvania's procedural requirements, it is considered a "properly filed application" for

post-conviction relief, thereby tolling the one (1) year limitation period.  See 28 U.S.C. §

2254(d)(2) (the time during which a "properly filed application" for state post-conviction

review is pending shall not be counted toward the one (1) year period of limitation); Artuz

v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and

acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").  A petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought.  See Swartz, 204 F.3d at 424. Vu's petition is still pending.[3]  At the time that his PCRA petition is no longer pending, the one (1) year grace period will begin to run and Vu will have 111 days to file a timely § 2254 petition.  If Vu acts with reasonable diligence after his PCRA proceedings conclude, there is little danger that federal review of Vu's claims will be foreclosed due to lack of timeliness.[4]

## III.  CONCLUSION

Because Vu has not exhausted all of the claims presented in his petition for writ of habeas corpus in state court and he has failed to show good cause for his failure to exhaust these claims under Rhines, his motion to stay and abey his petition for writ of

---

[3]The ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period.  Lawrence v. Florida, - U.S. - , 127 S.Ct. 1079, 1083 (Feb. 20, 2007).

[4]Vu asserts that he is entitled to a stay of his habeas petition because his attorney did not file a PCRA petition on his behalf. However, the state court docket shows that his attorney *did* file his PCRA petition on April 15, 2011.  On February 24, 2012, his attorney filed an amended PCRA petition.  If communication with counsel was a problem that prompted Vu to file this petition prematurely, it appears that the issue has been resolved.

habeas corpus must be denied.  Vu should have sufficient time to file a petition for writ of habeas corpus after the state court rules on his PCRA petition.   Therefore, Vu's petition for writ of habeas corpus is dismissed without prejudice.

An appropriate order follows.